Present — INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON and SCOTT, JJ.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

---

ASPHALT CONSTRUCTION COMPANY, Respondent, v. DE WITT C. BOUKER, JR., and ANDREW A. BOUKER, Appellants, Impleaded with WILLIAM KELLY, Defendant.

First Department, July 8, 1908.

Pleading — demurrer — admission of facts — amendment of judgment overruling demurrer — on what terms granted.

The primary purpose of a demurrer is to determine whether the facts alleged state a cause of action, and, although it admits such facts while it stands, the court should on overruling it grant leave to withdraw the demurrer, unless it be apparent that it was interposed in bad faith.

Where through oversight such leave has been omitted from the decision and interlocutory judgment and the same are offered in evidence on a trial as an admission of the facts constituting the separate defense demurred to, the interlocutory judgment will be amended so as to relieve the plaintiff from its effect on payment of costs and on condition that at the election of the defendants the proceedings on the trial, wherein no decision has yet been made, may be vacated and the case restored to the calendar, or that the case may be opened with leave to defendants to offer further evidence.

APPEAL by the defendants, De Witt C. Bouker, Jr., and another, from an order of the Supreme Court, made at the New York Spe-

cial Term and entered in the office of the clerk of the county of New York on the 8th day of June, 1908, granting the plaintiff's motion to amend an order and interlocutory judgment entered herein *nunc pro tunc.*

*L. Laflin Kellogg* [*Alfred C. Petté* with him on the brief], for the appellants.

*Edward W. Hatch,* for the respondent.

LAUGHLIN, J.:

The decision, which was the basis of the interlocutory judgment, was made on the trial of an issue of law arising upon the plaintiff's demurrer to a separate defense interposed in the joint answer of the appellants. The court overruled the demurrer, with costs, but no provision was inserted in the decision or in the interlocutory judgment granting leave to plaintiff to withdraw the demurrer as an admission of the facts to which it was interposed. No motion was made to correct the decision or interlocutory judgment in this regard, nor was an appeal taken therefrom. The issues of fact were then brought to trial at Special Term. Upon the trial, after plaintiff rested its case, appellants introduced the judgment roll showing the decision and interlocutory judgment entered on the trial of the issue of law and rested upon the claim that the facts to which the demurrer related stood admitted. The court reserved decision and so far as the record shows the case has not yet been decided. Plaintiff then made the motion to amend the decision and interlocutory judgment, to be relieved of its admission of the facts by the demurrer thereto, which, while the demurrer stands, is a conclusive admission thereof. (*National Contracting Co.* v. *Hudson River Water Power Co.,* 110 App. Div. 133; *Thistle* v. *Jones,* 123 id. 40.) Although this is the legal effect of a demurrer, yet the primary purpose of that pleading is to test the sufficiency of the facts to which it relates as a cause of action, defense or counterclaim, and unless it is apparent that a demurrer is interposed in bad faith, the courts customarily on overruling a demurrer allow the withdrawal of it upon payment of costs. This practice is so universal that parties have a right to rely upon it and a failure to grant such leave would be deemed an improper exercise of

discretion which would result in a reversal by an appellate court. The demurrer in the case at bar could not be deemed so frivolous as to indicate bad faith in interposing it and it is manifest, on an inspection of the record as it existed before the motion was made, that the court did not intend to hold the plaintiff as a penalty for interposing the demurrer to a conclusive admission of the facts to which it related. The failure to grant leave to withdraw the demurrer evidently resulted from an oversight, but to remove any question in this regard, the learned justice presiding at Special Term, where the motion was returnable, referred it to the justice who made the decision, and he granted the relief upon condition that plaintiff pay to the appellants the taxable costs of the action to the date of the order. The learned court evidently intended to give the appellants the benefit of a new trial if they so desired as is evidenced by the allowance of full taxable costs. The order as entered, however, contains no provision with respect to a new trial or opening the case now pending undecided at Special Term. We are of opinion that the court properly amended the decision and interlocutory judgment, but we think that the order should be modified by inserting a provision that the amendments are allowed upon condition that at the election of appellants the proceedings upon the trial be vacated and the case restored to the calendar, or that the case be opened and that they be permitted to offer such further evidence as they may be advised.

It follows that the order should be modified by providing that the amendments are allowed upon condition that at the election of appellants the proceedings upon the trial be vacated and the case restored to the calendar, or that the case be opened and they have leave to offer such further evidence as they may be advised, and as thus modified affirmed, without costs.

INGRAHAM, McLAUGHLIN, HOUGHTON and SCOTT, JJ., concurred.

Order modified as directed in opinion, and as so modified affirmed, without costs. Settle order on notice.